IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALFREDO VEGA,

                Plaintiff,

v.                                                                OPINION & ORDER

LIEUTENANT ANDERSON and                            18-cv-678-jdp
LINDA ALSUM-O'DONOVAN,

                Defendant.

---

Plaintiff Alfredo Vega, appearing pro se, is an inmate at the Green Bay Correctional Institution. He has filed this lawsuit under 42 U.S.C. § 1983 alleging that prison officials destroyed his property after he set a fire in his cell. Vega seeks leave to proceed *in forma pauperis*, and he has made an initial partial payment of the filing fee as previously directed by the court.

The next step is for me to screen Vega's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for monetary damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must read his pro se complaint generously. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam). With these principles in mind, I conclude that Vega states retaliation and due process claims. I will not allow him to proceed on a claim for denial of access to the courts, but I will give him a chance to amend his complaint to clarify that claim.

ALLEGATIONS OF FACT

Vega alleges that on April 11, 2017, he attempted to commit suicide by setting himself on fire. He attempted to keep his property unharmed by packing it away from himself and

covering it with a blanket. When Vega lit the fire, staff came and put it out with a fire extinguisher.

Vega was told that his property was damaged in the fire, but pictures of it showed that it was unharmed. Defendant Lieutenant Anderson ordered defendant Linda Alsum-O'Donovan to destroy the property. Anderson told Vega that water from a fire hose damaged the property. When Vega told Anderson that the photos did not show any water damage, Anderson told him "well this should teach you not to file any complaint against any of us at Portage."[1] Dkt. 1, at 3. Vega had two lawsuits against prison officials pending at that time.

Because his property was destroyed, Vega was unable to file an appeal in a state criminal case or evidence in two federal lawsuits.

## ANALYSIS

**A. Retaliation**

I take Vega to be bringing claims under three theories. First, Vega alleges that Anderson ordered the property damaged because of the fire and Vega's earlier lawsuits. To state a First Amendment retaliation claim, a plaintiff must show that: (1) he engaged in activity protected by the First Amendment; (2) defendants took actions that would deter a person of "ordinary firmness" from engaging in the protected activity; and (3) the First Amendment activity was at least a "motivating factor" in defendants' decision to take those actions. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Vega states that Anderson ordered the property destroyed

---

[1] Vega submitted scanned copies of the photographs of his property, Dkt. 1-4, but the quality of those scans is too poor for me to draw any conclusions from them. As the case proceeds, the parties should work together to provide the court with the original photographs or high-quality prints or digital files.

because of the fire and Vega's earlier lawsuits. Vega does not have a protected right to set a fire in his cell, but it is well-settled that he had the right to bring lawsuits, so I will allow Vega to proceed on a retaliation claim against Anderson. Vega does not allege that Alsum-O'Donovan acted with the same retaliatory purpose, so I will not allow him to proceed on a retaliation claim against her.

**B. Due process**

Vega alleges that defendants destroyed his property for false reasons, and without giving him a chance to challenge that determination, even though there was a process for doing so. A procedural due process violation occurs under the Fourteenth Amendment when a state actor deprives an individual of a constitutionally protected interest in "life, liberty, or property" without providing adequate process. Therefore, "[t]o state a Fourteenth Amendment claim for the deprivation of a property interest without due process, a plaintiff must demonstrate that (1) he had a constitutionally protected property interest, (2) he suffered a loss of that interest amounting to a deprivation, and (3) the deprivation occurred without due process of law." *LaBella Winnetka, Inc. v. Village of Winnetka*, 628 F.3d 937, 943–44 (7th Cir. 2010).

Vega properly alleges that he was deprived of his property. Whether that deprivation occurred without due process of law is a closer question. "[T]he due process rights of prisoners are not absolute but must be accommodated to the legitimate security needs of a corrections institution." *Caldwell v. Miller*, 790 F.2d 589, 609 (7th Cir. 1986). And a plaintiff may not be able to state a due process claim where the deprivation is "random and unauthorized," a predeprivation hearing would be impractical, and the plaintiff has adequate postdeprivation remedies. *Armstrong v. Daily*, 786 F.3d 529, 539 (7th Cir. 2015); *LaBella Winnetka*, 628 F.3d at 944. But here, Vega alleges that he potentially had predeprivation procedures available that

3

were denied him. I cannot say as a matter of law that the claim should be dismissed, so I will allow him to proceed on due process claims against Anderson and Alsum-O'Donovan.

**C. Access to the courts**

Vega alleges that because his property was destroyed, he was unable to file an appeal in a state criminal case or evidence in two federal lawsuits. Prisoners have a constitutional right to "meaningful access to the courts" to pursue postconviction remedies and to challenge the conditions of their confinement. *Bounds v. Smith*, 430 U.S. 817, 821–22 (1977); *Lehn v. Holmes*, 364 F.3d 862, 865–66 (7th Cir. 2004). To succeed on such a claim, a plaintiff must show that the defendants' interference caused an "actual injury," which means that it must have caused the plaintiff to lose a meritorious claim or the chance to seek particular relief. *Christopher v. Harbury*, 536 U.S. 403, 414 (2002); *Lewis v. Casey*, 518 U.S. 343, 346–348 (1996).

These allegations are too vague to support an access-to-the-courts claim. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994).

Vega's allegations do not comply with Rule 8 because he does not explain what he was unable to file and how the unfiled materials would have made a difference in his cases. I will stay service of the complaint upon defendants and give Vega a short time to file a supplement to the complaint that explains his access-to-the-courts claims. He should draft his supplement as if he were telling a story to people who know nothing about his situation. In particular, he

4

should explain (1) what filings or communications he was unable to make because of the limitation; and (2) why his litigation would have been successful had he been able to file those submissions. If Vega does not submit a supplement by the deadline set forth below, I will dismiss his access-to-the-courts claims and have the complaint served upon defendants.

ORDER

IT IS ORDERED that:

1. Plaintiff Alfredo Vega is GRANTED leave to proceed on the following claims:

    - A First Amendment retaliation claim against defendant Lieutenant Anderson.

    - Fourteenth Amendment due process claims against defendants Anderson and Linda Alsum-O'Donovan.

2. Vega may have until October 22, 2018, to file a supplement to the complaint addressing his access-to-the-court claims.

3. Service of the complaint is STAYED pending plaintiff's filing of a supplement to the complaint.

Entered October 1, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge